UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 07-33-P-H |
| | ) | |
| DOUGLAS HERSOM, | ) | |
| DEFENDANT | ) | |

### ORDER UNDER 18 U.S.C. § 3145(1) REVOKING THE MAGISTRATE JUDGE'S ORDER RELEASING THE DEFENDANT PENDING TRIAL

Magistrate Judge Cohen conducted two days of testimony on the government's motion for detention before ordering the defendant released on conditions. The government moved to revoke his order. I held a hearing April 30 at which additional testimony and exhibits were admitted. I also received written and oral argument. Upon *de novo* review of the entire record, I now **REVOKE** the release order and order that the defendant be detained pending trial under 18 U.S.C. § 3142(e).

The government moved for a detention hearing under section 3142(f)(1)(A) because the charged crime, arson, is a crime of violence. The government has not invoked any of the statutory presumptions. The issue before me, therefore, is whether there is any "condition or combination of conditions [that] will

reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

I agree with Judge Cohen that assuring the defendant's appearance is not an issue. He has strong ties to Maine and is highly unlikely to flee the state. Although there have been times when he has not shown up for court appearances for motor vehicle-related offenses, the state courts have nevertheless allowed him to self-report to serve sentences of incarceration, and there is no indication that he has failed to appear for those sentences. Moreover, the defense team now has assistance to ensure that he gets to court despite difficulties he might otherwise have in obtaining transportation.

The safety of others and the community is another matter. I find (using the clear and convincing evidence standard of section 3142(f) for factual findings) that there is no condition or combination of conditions that "will reasonably assure . . . the safety of any other person and the community." I apply the section 3142(g) factors. Arson is a very serious offense, a crime of violence that is both life- and property-threatening. Here, three separate fires were set in a block of buildings in Lewiston, Maine, so as to create a diversion from a planned burglary. The result was destruction of an entire block of four buildings. This is a disturbing escalation for a 26-year-old defendant whose previous and lengthy criminal history involved burglary charges, and theft and motor vehicle convictions. There is substantial evidence against the defendant, consisting of the post-Miranda

statements of co-conspirators. Sadly and importantly to my decision, he had been released from his most recent state custody and placed on state probation on November 29, 2006, less than three weeks before the arson, December 19, 2006. (He was arrested December 22, 2006.)

The Magistrate Judge tried admirably to craft conditions that would minimize the risk this defendant poses to the community. The defendant's wife as a third-party custodian will not suffice; he was living with her when the arson occurred. Electronic monitoring and a prohibition of contact with co-conspirators will not suffice; the arson occurred within minutes of his leaving his residence (while on probation) in December; one of the people (a juvenile) who was involved lives in the same building or at best is moving to a location only 2 or 3 buildings away; the defendant has no job prospects and would be at home with time on his hands when not babysitting his wife's children. I conclude that electronic monitoring cannot reasonably assure that there will be no recurrence of the stupidity or malevolence that produced the arson (smoking marijuana with the juvenile, hatching the plan and carrying it out).

Consequently, it is therefore **ORDERED** that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation

with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

**DATED THIS 2ND DAY OF MAY, 2007**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**